# Kowalchick v. Commonwealth of Pennsylvania Department of Transportation

*Pasco L. Schiavo*, for plaintiffs.
*John V. Rovinsky*, for the Commonwealth.

TOOLE, *J.*, January 27, 1984—The court is requested in this matter to determine whether the property of the plaintiffs, Joseph R. and Carolyn R. Kowalchick (Kowalchicks) was the subject of a de facto taking by the Department of Transportation (Department).

This case originated in April of 1966, when Kowalchicks filed a petition for the appointment of a board of view. The board of viewers filed a report on December 29, 1967, concluding that the Kowalchicks' property was compensably damaged by certain highway construction which resulted in the vacating of their street, and that they further suffered consequential damages as abutting property owners. The board made an award of just compensation of $2,500. The matter then proceeded to argument court upon petition of the Department and on September 29, 1970, this court (Bigelow, J.) concluded that the award of consequential damages

under 26 P.S. §1-612 was improper because the property did not abut the area of the highway improvement.

Another hearing was held before the board of viewers on August 1, 1979, and a supplemental report was filed finding just compensation due the Kowalchicks because of a de facto taking, or compensable injury because of the vacating of part of Old Cranberry Street and again awarded damages in the sum of $2,500. Following a stipulation and order, the board of view filed another supplemental report on September 13, 1982, in which it found that Old Cranberry Street was not vacated but in any event a de facto taking occurred and that under Sec. 601 of the Eminent Domain Code, Kowalchicks were entitled to damages again set in the amount of $2,500.

The Department then filed a special and general appeal from the supplemental report of the board of viewers contending that no de facto taking occurred and, accordingly, that the Kowalchicks were not entitled to any damages under the Eminent Domain Code.

On March 25, 1983, the parties filed a joint petition with this court requesting that a Judge preliminarily determine whether the board was correct in its findings that a de facto taking had occurred. On March 25, 1983, President Judge Robert J. Hourigan directed that this matter be placed on the next condemnation list and it was subsequently assigned to the undersigned.

Following a review of the file, it was agreed that this case should proceed as if preliminary objections had been filed to the petition alleging a de facto taking. Accordingly, a hearing was scheduled and held, and the matter is now ripe for determination.

In the Petition of 1301 Filbert Ltd. Partnership, 64 Pa. Commw. 605, 441 A.2d 1345, 1353 (1982), the court pertinently observed:

". . . Although the Pa. Supreme Court in its Griggs[1] Opinion stated what has become the broad, general definition of a de facto taking, there is no litmus formula to determine when government action will be deemed to have the effect of such a taking. Thus, it has remained for the courts to provide, with case-by-case development, the needed doctrinal elaboration . . .".

As we pointed out in Balent v. Wilkes-Barre City, 73 Luzerne Leg. Reg. 192 (1983), we are guided in making our determination by some established principles.

1. It is clear that Sec. 502(e) of the Eminent Domain Code permits an individual to petition for the appointment of viewers if there has been a compensable injury suffered, even though a declaration of taking has not been filed. Such compensable circumstances have been judicially characterized as a de facto taking. Greger v. Canton Township, 41 Pa. Commw. 20, 399 A.2d 138 (1979).

2. When such a taking is alleged, the property owner bears a heavy burden of proof. Helms v. Chester Redevelopment Authority, 32 Commw. 377, 379 A.2d 660 (1977); McCracken v. City of Philadelphia, 69 Commw. 492, 451 A.2d 1046 (1982).

3. A de facto taking occurs when an entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his property. Conroy-Prugh Glass Company v. Com-

---

1. Griggs v. Allegheny County, 402 Pa. 411, 168 A.2d 123 (1961), reversed on other grounds, 369 U.S. 84, 82 Sup. Ct. 531, 7 L.Ed 2d 585 (1962).

monwealth, 456 Pa. 384, 321 A.2d 598 (1974); Miller Appeal, 55 Pa. Commw. 612, 423 A.2d 1354 (1980). In order to then establish a de facto taking, the owner must show that there are exceptional circumstances which substantially deprive him of the use of his property and that the deprivation is the direct and necessary consequence of the actions of the entity having eminent domain power. Lizza v. Uniontown City, 345 Pa. 363, 28 A.2d 916 (1942).

4. It is also settled that a claim of de facto taking cannot be successfully based on consequences that are merely conjectural or presupposed. Petition of Boyertown, 77 Pa. Commw. 357, 466 A.2d 239, 248 (1983); 1301 Filbert Ltd. Partnership Appeal, 64 Commw. 605, 441 A.2d 1345 (1982).

Essentially the Commonwealth argues that there was insufficient proof of exceptional circumstances establishing a substantial deprivation of the beneficial use and enjoyment of the property involved and, accordingly, no de facto taking. The Kowalchicks, on the other hand, contend that the evidence establishes a substantial deprivation of the beneficial use and enjoyment of their property which should and does afford them the right to just compensation pursuant to Sec. 502(e) and 601 of the Eminent Domain Code.[2]

In a case of this nature, it is our responsibility after hearing to appraise the evidence to determine the facts and apply the law. We requested the parties to submit proposed findings of fact and after reviewing the evidence, we are satisfied that the findings of fact submitted by the Kowalchicks more properly reflect this court's assessment of the evidence, including the credibility of the witnesses.

---

2. 26 P.S. §1-502(e) and §1-601.

We have no reason to disbelieve the testimony of the Kowalchicks which was given in a frank, revealing and we find credible manner. The following, then, are our findings of fact:

1. That on or about December 1, 1965 and through the present time the real property of plaintiffs, Joseph R. Kowalchick and Carolyn R. Kowalchick, his wife, situate at 74 Old Cranberry Street (being Lot No. 13 in Block No. 6 on the plot or plan of Cranberry Village) in Cranberry Village, Hazle Township, Luzerne County, Pa., has been located approximately 75 feet from the bottom of an approximately 75 foot high embankment for Legislative Route 654, a new limited access four lane divided highway, a permanent highway improvement of the defendant, Commonwealth of Pennsylvania, Department of Transportation, and which permanent highway improvement did not exist prior to said time.

2. That said Legislative Route 654 cut off and eliminated the easternmost part of Old Cranberry Street and the flow of water on the same generally from an eastwardly to a westwardly direction on Old Cranberry Street, following the natural grade thereof, and that an alley or street connection was constructed and provided by the defendant from Old Cranberry Street northwardly to another street in Cranberry Village for public access over the same.

3. Since December 1, 1965 and through the present time the Kowalchicks have lived on and occupied their said real property which has been improved from before December 1, 1965 and through the present time with a residential structure or house and other residential improvements as erected thereon.

4. That from December 1, 1965 and through the present time the Kowalchicks' real property, be-

cause of the condemnation and removal of other residential properties at a lower elevation on the easternmost section of Old Cranberry Street, has become the lowest (in elevation) situated real property in Cranberry Village which real property is now in close proximity to the point of intersection of a railroad embankment to the south of their real property with the embankment for Legislative Route 654 to the west and north of their real property and which Legislative Route 654 embankment has been created by the Department.

5. That from December 1, 1965 and through the present time the Kowalchicks' real property has experienced such noise from vehicles on said Legislative Route 654 that conversations in the Kowalchicks' said house are perforce interrupted and interfered with in that the parties which are there carrying on said conversation cannot hear each other at such times and which times occur two to three times an hour and especially during four hours earlier in the morning and four hours later in the evening.

6. That since December 1, 1965 and through the present time the Kowalchicks' real property, including house improvement thereon, has experienced such vibration from the traffic on Legislative Route 654 that their doors are caused to swing open and that such occurrences are continuous.

7. That since on or about December 1, 1965 and through the present time Kowalchicks' real property has experienced such saturation, inundation and flooding from storm water both through and over the back one-third of their real property and also in the basement of their house or residential structure with such actual flooding and covering by water occurring every time there is a substantial rainfall numerous times every year and with such saturation of

the real property and the basement being present all the time that they have been unable to use their said yard and the outside of their house all throughout said period of time and that their septic system has malfunctioned and is malfunctioning continuously as a result thereof and for said same period of time and all the result of the cut off of the natural flow of water down Old Cranberry Street and through and westwardly out of Cranberry Village and the rerouting of large amounts of storm water from both sides of said Legislative Route 654 to the Kowalchicks' side, the easterly side, of said Legislative Route 654 per and through as a result of said Legislative Route 654 and the construction therefor.

8. That the Kowalchicks' real property since on or about December 1, 1965 has been subject to unusually, exceptionally and substantially large amounts of dust and dirt caused by the traffic thereon said Legislative Route 654 and which dust and dirt accumulate so quickly on each day that after any outside furniture is cleaned early in the day, such as porch furniture, the same cannot be sat upon or used by the end of that day as such said dust and dirt has accumulated on the same so as to make the same dirty and unuseable, causing peoples' clothes and other items to become dirty and soiled if they so sit upon the same, and so as to prevent the Kowalchicks from using the outside front porch of their real property.

9. That since December 1, 1965 and through the present time and because of the embankment from Legislative Route 654 being higher than the top of the Kowalchicks' chimney and other chimneys in that immediate area of Cranberry Village, the flow of smoke therefrom, being from coal fired heating units, does not rise above the houses and disappear

into the air but lays and collects on and about Kowalchicks' real property and which odors and fumes cause an uncomfortable and unpleasant breathing and/or smelling situation for the Kowalchicks and other upon and/or about their real property.

10. That as a result of all the aforesaid saturation, inundation, flooding, noise, vibration, dust and odors, the Kowalchicks have been confined to and are able to use only a portion of their said real property from December 1, 1965 through the present time and that they have lost use of the outside of their real property and part of the use of the inside of their real property from December 1, 1965 and through the present time and that all the foregoing is permanent in nature and has been caused by said Legislative Route 654.

We are satisfied on the basis of these findings, that the Kowalchicks have met their burden of proof. We are satisfied that exceptional circumstances have been established in this case disclosing a clear and substantial deprivation of the use of the property and that that deprivation is the direct and necessary consequence of the actions of the department. We find no credible evidence to establish that the flooding was the result of any failure of maintenance by the township, nor do we find any credible evidence to establish that the nature of the damage sustained by the Kowalchicks was the result of any negligent acts committed by agents of the department.

We think the activities carried on in this case are similar to those considered in In Re: Matter of Condemnation of 14 East Maple Street, et al., 25 Lawrence L.J. 41, 43 (1975), wherein the court cogently noted:

". . . The concept of a 'de facto' taking, and its legislative expression in Sec. 502(e), is a realization that governmental activities carried out incident to massive, complex programs can, and often do, so substantially interfere with the use and enjoyment of one's property as to require compensation even though there has been no physical taking of the property in question."

In this case, the Kowalchicks' right to the peaceful use and enjoyment of their property has been substantially interfered with because of and by the construction and location of Legislative Route 654 known as the Can-Do Expressway. The mere fact that their property does not abut the improvement did not prevent the damage and does not prevent us from finding a de facto taking. The exceptional circumstances presented in this case establish a taking which covers far more land than merely the property abutting the construction. Under the circumstances presented, Kowalchicks may have suffered more extensive damages and deprivation than any abutting landowner, and we see no factual or legal reason why they should not be justly compensated for their loss. The issue of the amount of damages suffered is not specifically before the court for by virtue of the stipulation, our only task is to determine whether the board correctly concluded that a de facto taking had occurred. On the basis of the testimony presented, we have no hesitancy in and do concur with the Board that the Kowalchicks have suffered a de facto taking and that they are entitled to just compensation.

Accordingly, we enter the following

## ORDER

This court is satisfied that the property of Joseph R. Kowalchick and Carolyn R. Kowalchick has been

the subject of a de facto taking and, accordingly, the appeal filed by the Commonwealth of Pennsylvania, Department of Transportation, and specifically assigned to the undersigned by virtue of the Stipulation of March 25, 1983, is denied and dismissed.